UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-89 |
| | ) | |
| vs. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT | ) | |
| 2880 CROSSFIELD ROAD, | ) | |
| BYBEE, TN 37713, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

The United States of America has filed a Motion for Default Judgment and Final Order of Forfeiture [Doc. 21] This motion was referred to the undersigned for a report and recommendation by the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 22]. This matter is now ripe for resolution.

**I.     Procedural Background**

Plaintiff filed a Complaint for Forfeiture *In Rem* [Doc. 1] and affidavit in support (under seal) [Doc. 7] against Defendant on April 15, 2016. Plaintiff also filed a Notice of *Lis Pendens* [Doc. 4]. On the same day, Plaintiff filed a Motion to Stay Civil Forfeiture Proceedings pending the final conclusion of a related criminal case (*United States v. Billy Ray Johnson*, 2:16-CR-49) [Doc. 5], which was granted on April 18, 2016 [Doc. 8]. On August 9, 2018, Plaintiff filed a Motion to Lift Stay of Civil Forfeiture Proceeding [Doc. 9], which was granted on August 14, 2018 [Doc. 10]. After a motion by Plaintiff [Doc. 11], the affidavit in support of the complaint was unsealed on August 17, 2018 [Doc. 12]. Plaintiff then filed a Notice of Complaint for Forfeiture [Doc. 13] on

1

October 4, 2018. As required by 18 U.S.C. § 985(c)(1)(B), (c)(1)(C), and Fed.R.Civ.P. Supplemental Rule G(4)(b), Plaintiff posted a notice of the complaint on the property, served notice on the property owner with a copy of the complaint, and served notice on any known potential claimants with a copy of the complaint [Docs. 14, 15, 16]. On December 20, 2018, Plaintiff also filed a Service by Publication under Supplemental Rule G(4)(a)(iv)(C), stating that it posted a Notice of Civil Forfeiture on an official government site from October 16, 2018 until November 14, 2018, as required [Doc. 18].

Debra Lawson Johnson, the only known potential claimant to the property, has not filed a claim or answer, or otherwise appeared in this action. On February 19, 2019, Plaintiff filed an application for clerk's default as to Johnson [Doc. 19]. The clerk entered a default against Johnson on March 12, 2019 [Doc. 20]. On March 26, 2019, Plaintiff filed the pending Motion for Default Judgment [Doc. 21] pursuant to Fed.R.Civ.P. 55(b)(2), requesting an entry of judgment by default and order of final forfeiture against defendant property.

**II.     Analysis**

The clerk must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." Fed.R.Civ.P. 55(a). After the clerk's entry of default, the court may then enter a default judgment. Fed.R.Civ.P. 55(b)(2). The court may conduct a hearing to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed.R.Civ.P. 55(b)(2). Additionally, if the party against whom default is sought has previously appeared before the court, that party 'must be served with written notice of the application at least 7 days before the hearing." Fed.R.Civ.P. 55(b)(2).

Plaintiff seeks a default judgment by the Court under Rule 55(b)(2). Upon review of

Plaintiff's complaint, supporting affidavit, and the pending motion, the Court does not find an evidentiary hearing or oral argument necessary on any aspect of Plaintiff's motion. Also, as Defendant has not appeared before this Court, the notice requirement does not apply. In its complaint and motion for default judgment, Plaintiff has established that there is probable cause to believe that the defendant property was used in violation of the provisions of 21 U.S.C. §841[1] and is subject to forfeiture to the United States pursuant to 21 U.S.C § 881(a)(7).[2] Proper notice was posted on defendant property, personally served on the property and owner and known potential claimant to the property, and was published for thirty (30) consecutive days on an official government internet site, as provided by 18 U.S.C. § 985(c)(1) and Fed.R.Civ.P. Supplemental Rule G. Therefore, a default judgment and order of forfeiture is appropriate in this case.

### IV.   Conclusion

Therefore, the Court **RECOMMENDS** that Plaintiff's motion for default judgment be **GRANTED** and that defendant property more particularly described as follows be hereby forfeited to the United States of America, and all right, title and interest in and to said property be hereby vested in the United States of America, pursuant to 21 U.S.C. § 881(a)(7):

> **SITUATED** in the Third (3rd) Civil District of Cocke County, Tennessee, and without being in the city limits of any municipality, and also part of the Property of RLC Investments, Inc., Tract "G", being more particularly described as follows:

---

[1] Defendant property was used to grow and store marijuana and for distribution and storage of methamphetamine, which is a violation under this statute. "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally – (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, dispense, a controlled substance; or (2) to create, distribute, dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841.

[2] "The following shall be subject to forfeiture to the United States and no property right shall exist in them:…All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7).

**BEGINNING** on an existing iron pin on the boundary of Crossfield Road on the line between Tract "A" and Tract "G" of Racoon Ridge said pin lying in a Southwesterly direction 1250 feet, plus or minus, from the intersection of Crossfield Road and Rhodes Road; thence, with Tract "A" Racoon Ridge South 10 degrees 58 minutes 12 seconds West 28.03 feet to a point in the centerline of Crossfield Road; thence with said road centerline South 60 degrees 46 minutes 57 seconds West 499.83 feet (to a) point in the centerline of Crossfield Road corner to Tract "K" of Racoon Ridge; thence leaving the centerline of Crossfield Road with the line of Tract "K" North 13 degrees 07 minutes 00 seconds West 141.75 feet to a new iron pin; thence continuing with Tract "K" North 11 degrees 01 minutes 36 seconds West 118.16 feet to a new iron pin; thence with Tract "K" North 08 degrees 17 minutes 13 seconds West 110.11 feet to a new iron pin; thence with Tract "K" north 04 degrees 56 minutes 35 seconds West 241.63 feet to a new iron pin; thence with Tract "K" North 16 degrees 03 minutes 10 seconds West 214.09 feet to a wooden fence post corner to Dollie Elkins (WD 292 pg. 90); thence with Elkins North 41 degrees 58 minutes 45 second East 84.23 feet to a 15 inch dead locust; thence continuing with Elkins North 83 degrees 40 minutes 21 seconds East 157.93 feet to an 8 inch hickory; thence with Elkins North 36 degrees 39 minutes 32 seconds East 144.70 feet to a 10 inch hackberry; thence with Elkins South 39 degrees 28 minutes 54 seconds East 292.45 feet to an 8 inch elm; thence with Elkins South 40 degrees 01 minutes 04 seconds East 271.96 feet to a 6 inch dead elm corner to Elkins and Tract "A" Racoon Ridge; thence with Tract "A": South 10 degrees 56 minutes 12 seconds West 320.28 feet to an existing iron pin being the point of BEGNNING containing 9.42 acres, more or less, according to a survey of Howard T. Dawson registered land surveyor number 1301, dated May 1, 1997, and bearing drawing number 970417.

Being the same property conveyed to the First Party on July 25, 2000, by the Trustee's Deed executed by Nelwyn Inman, Substitute Trustee, recorded in Book 1042, pages 119-121, in the Register's Office for Cocke County, Tennessee.

For further reference see deed recorded on April 17, 2001, at Book 1061, Pages 239-242 in Cocke County, Tennessee Register of Deeds Office. [3]

                                            Respectfully submitted,

                                            s/ Clifton L. Corker
                                            United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).